IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIM LI, on behalf of himself and all similarly situated individuals,<br><br>　　Plaintiff,<br>v.<br><br>QUICKEST TRADESHOW SERVICES, INC., TRADESHOW EQUIPMENT RENTALS, INC., THANH V. HUYNH, individually, and BRENDA WOOLSEY, individually,<br><br>　　Defendants. | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE CERTIFICATION SOUGHT |

_____

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Tim Li (hereinafter "Plaintiff"), and files this lawsuit against Defendants Quickest Tradeshow Services, Inc., Tradeshow Equipment Rentals, Inc., Thanh V. Huynh and Brenda Woolsey (hereinafter collectively "Defendants"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as

the representative party for all similarly situated employees of Quickest Tradeshow Services, Inc. and Tradeshow Equipment Rentals, Inc.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

This Court has original jurisdiction of this complaint pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because this action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

4.

Defendant Quickest Tradeshow Services, Inc. is a Georgia corporation, and a substantial part of the events or omissions giving rise to the claims occurred at 3550 Zip Industries Blvd SE, Atlanta, GA, 30354. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. § 216(b); 28 U.S.C. § 1391; and LR 3, Northern District of Georgia.

5.

Defendant Tradeshow Equipment Rentals, Inc. is a Georgia corporation, and a substantial part of the events or omissions giving rise to the claims occurred at 3550 Zip Industries Blvd SE, Atlanta, GA, 30354. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. § 216(b); 28 U.S.C. § 1391; and LR 3, Northern District of Georgia.

### III. Parties

6.

Plaintiff is an adult resident of the State of Georgia.

7.

Plaintiff performed the following services for Defendants as an hourly laborer during the relevant time period: pick-up and drop-off of equipment; various office duties; telephone contact with customers; running the CNC router; cleaning, setting up, repairing items in and assisting with the remodel of the owner's house; and travelling both within and outside the State of Georgia to set up convention centers.

8.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. § 203(e)) for Defendants.

9.

Plaintiff performed non-exempt labor for the Defendants in which he was paid on an hourly basis within the last three years.

10.

Defendants employed the named Plaintiff during the relevant time period.

11.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek for Defendants and was not paid the overtime wage differential.

12.

Defendant Quickest Tradeshow Services, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

Defendant Quickest Tradeshow Services, Inc. is a domestic corporation with its principal place of business in Atlanta, GA. At all times relevant herein, Defendant Quickest Tradeshow Services, Inc. was Plaintiff's employer within the meaning of FLSA, 29 U.S.C. § 203(d).

14.

Defendant Tradeshow Equipment Rentals, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

15.

Defendant Tradeshow Equipment Rentals, Inc. is a domestic corporation with its principal place of business in Atlanta, GA.  At all times relevant herein, Defendant Tradeshow Equipment Rentals, Inc. was Plaintiff's employer within the meaning of FLSA, 29 U.S.C. § 203(d).

16.

Defendant Thanh V. Huynh is and was the owner and Chief Executive Officer of Quickest Tradeshow Services, Inc. during the statutory period applicable to this action.

17.

Defendant Thanh V. Huynh is and was the owner and Chief Executive Officer of Tradeshow Equipment Rentals, Inc. during the statutory period applicable to this action.

18.

Defendant Thanh V. Huynh had discretion over Plaintiff's payroll and overtime compensation.

19.

Defendant Thanh V. Huynh was responsible for administering and implementing all company policies and procedures on behalf of Quickest Tradeshow Services, Inc., which Plaintiff's supervisor then relayed to Plaintiff and other similarly situated individuals.

20.

Defendant Thanh V. Huynh was responsible for administering and implementing all company policies and procedures on behalf of Tradeshow Equipment Rentals, Inc., which Plaintiff's supervisor then relayed to Plaintiff and other similarly situated individuals.

21.

Defendant Thanh V. Huynh maintains control, oversight and direction over the operation of Quickest Tradeshow Services, Inc. and is an "employer" within the definition of FLSA §3(d), 29 U.S.C. § 203(d).

22.

Defendant Thanh V. Huynh maintains control, oversight and direction over the operation of Tradeshow Equipment Rentals, Inc. and is an "employer" within the definition of FLSA §3(d), 29 U.S.C. § 203(d).

23.

Defendant Thanh V. Huynh is a resident of the State of Georgia.

24.

Defendant Brenda Woolsey was, at all times relevant herein, employed by Defendant Thanh V. Huynh as an Office Manager.

25.

Defendant Brenda Woolsey was, at all times relevant herein, employed by Defendant Quickest Tradeshow Services, Inc. and Defendant Tradeshow Equipment Rentals, Inc. as an Office Manager.

26.

Defendant Brenda Woolsey had discretion over Plaintiff's payroll and overtime compensation.  Some of her responsibilities included issuing checks to Plaintiff and the Collective Class and determining from which employer – Quickest Tradeshow Services, Inc. or Tradeshow Equipment Rentals, Inc. – the payment would originate.

27.

Defendant Brenda Woolsey works both directly and indirectly in the interest of Quickest Tradeshow Services, Inc. and was in a supervisory position over the named Plaintiff.

28.

Defendant Brenda Woolsey works both directly and indirectly in the interest of Tradeshow Equipment Rentals, Inc. and was in a supervisory position over the named Plaintiff.

29.

Defendant Brenda Woolsey is an "employer" within the definition of FLSA §3(d), 29 U.S.C. § 203(d).

30.

Defendant Brenda Woolsey is a resident of the State of Georgia.

### IV. Collective Action Allegations

31.

Plaintiff brings Count I of this Complaint on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b).  Plaintiff and the similarly situated individuals are individuals who either currently are, or have been, employed by Defendants as "laborers," "assemblers," "seasonal workers," "helpers," "warehouse assistants," "administrative assistants," "tradeshow coordinators," "warehouse workers," "warehouse employees," "helpers," "shippers/receivers," "inventory workers," "inventory coordinators," "set-up workers," "dispatchers," "schedulers," "field staff," "field workers," or "facilities"

employees (hereafter "Event Personnel") at any of the Quickest Tradeshow Services, Inc. or Tradeshow Equipment Rentals, Inc. onsite or offsite locations during the last three (3) years, and whose primary job duties include the following: pick-up and drop-off of equipment; various office duties; telephone contact with customers; running the CNC router; cleaning, setting up, remodeling or repairing items in the owner's personal residence; and travelling both within and outside the State of Georgia to set up convention centers. The other similarly situated individuals shall be referred to as the "Collective Class."

32.

Defendant Quickest Tradeshow Services, Inc. employed Plaintiff from December 1, 2008 to July 27, 2012.

33.

Defendant Tradeshow Equipment Rentals, Inc. employed Plaintiff from December 1, 2008 to July 27, 2012.

34.

Defendant Thanh V. Huynh employed Plaintiff from December 1, 2008 to July 27, 2012.

35.

Defendant Brenda Woolsey employed Plaintiff from December 1, 2008 to July 27, 2012.

36.

During the applicable statutory period, Plaintiff and the Collective Class performed all services in an Event Personnel capacity at each of the Defendants' businesses and/or residence.

37.

During the applicable statutory period, Plaintiff and the Collective Class routinely worked in excess of forty (40) hours per week without receiving overtime compensation for all overtime hours worked while performing the duties of Event Personnel for Defendants.

38.

Defendants were aware that the Plaintiff and the Collective Class were working overtime hours, because Defendants requested, prepared, tracked, reviewed and/or maintained handwritten, typewritten and/or computer-generated timesheets that included overtime hours worked by Plaintiff and the Collective Class for each of the relevant pay periods.

39.

Defendants were aware of the specific times during which Plaintiff and the Collective Class were working at the Defendants' facilities and/or residence, because Defendants physically observed, indirectly supervised and/or provided immediate supervision for Plaintiff and the Collective Class in the course of their work.

40.

Though Defendants were aware that Plaintiff and the Collective Class were regularly working hours above forty (40) in a workweek – and that they were not exempt from overtime pay under the FLSA – Defendants compensated the aforementioned for overtime hours on a straight time basis (i.e., at their regular rate of hourly pay as opposed to one and one-half times the rate of their regular pay).

41.

During the applicable statutory period, Defendants jointly and severally failed to keep accurate records for all hours worked by Plaintiff and the Collective Class.

42.

During the applicable statutory period, Defendant Thanh V. Huynh was the owner and Chief Executive Officer of Defendants Quickest Tradeshow Services, Inc. and Tradeshow Equipment Rentals, Inc.

43.

During the applicable statutory period, Defendants Quickest Tradeshow Services, Inc. and Tradeshow Equipment Rentals, Inc. shared the services of the Plaintiff and the Collective Class.

44.

During the applicable statutory period, Defendants Quickest Tradeshow Services, Inc. and Tradeshow Equipment Rentals, Inc. acted either directly or indirectly in the financial interest of one other in relation to Plaintiff and the Collective Class.

45.

During the applicable statutory period, Defendants Quickest Tradeshow Services, Inc. and Tradeshow Equipment Rentals, Inc. shared control of the time and services of the Plaintiff and the Collective Class.

46.

During the applicable statutory period, Defendants Quickest Tradeshow Services, Inc. and Tradeshow Equipment Rentals, Inc. were joint employers within the definition of 29 C.F.R. § 791.2(a).

47.

During the applicable statutory period, Defendants Quickest Tradeshow Services, Inc. and Tradeshow Equipment Rentals, Inc. were responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to those services performed by Plaintiff and the Collective Class in each workweek.

48.

During the applicable statutory period, Defendants Thanh V. Huynh and Brenda Woolsey aided and assisted Defendants Quickest Tradeshow Services, Inc. and Tradeshow Equipment Rentals, Inc. in the creation and/or maintenance of their joint employment relationship.

49.

Defendants Thanh V. Huynh and Brenda Woolsey knew, and showed reckless disregard for the fact that – as joint employers – Defendants Quickest Tradeshow Services, Inc. and Tradeshow Equipment Rentals, Inc. were jointly and

individually responsible to pay Plaintiff and the Collective Class the full overtime wages earned in keeping with the provisions of the FLSA.

50.

During the applicable statutory period, Defendants failed to pay Plaintiff and the Collective Class overtime wages in keeping with the provisions of the FLSA.

51.

During the applicable statutory period, Defendant Thanh V. Huynh requested and/or required that Plaintiff and members of the Collective Class perform cleaning, repair, set-up, remodeling and/or related services at his personal residence.

52.

During the applicable statutory period, Defendant Thanh V. Huynh failed to pay Plaintiff and members of the Collective Class for the services performed at his home in a manner consistent with the provisions of the FLSA.

53.

During the applicable statutory period, Defendant Brenda Woolsey prepared, completed and/or maintained timesheets and/or other payment records for those services performed by Plaintiff and members of the Collective Class at Defendant Thanh V. Huynh's personal residence.

54.

During the applicable statutory period, Defendant Brenda Woolsey failed to pay Plaintiff and members of the Collective Class for the services performed at Defendant Thanh V. Huyhn's home in a manner consistent with the overtime provisions of the FLSA.

55.

Defendants' conduct in failing to pay Plaintiff and the Collective Class in a manner consistent with the overtime provisions of the FLSA was willful and in bad faith.

56.

The aforementioned practices of Defendants violate the provisions of FLSA, 29 U.S.C. § 201, et seq., including, but not limited to, 29 U.S.C. § 207. As a result of Defendants' unlawful practices, Plaintiff and the Collective Class have suffered a loss of wages.

### V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

57.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

58.

Defendants, individually and collectively, jointly and severally, have violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff and the Collective Class worked in excess of forty (40) hours in a workweek.

59.

The FLSA, §7, 29 U.S.C. § 207, requires that employers pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

60.

Defendants suffered or permitted Plaintiff and the Collective Class to routinely work more than forty (40) hours per week without overtime.

61.

Defendants' actions, policies, and/or practices as described above violate the FLSA's overtime requirement in that they regularly and repeatedly failed to compensate Plaintiff and the Collective Class at the required overtime rate.

62.

Defendants knew, or showed reckless disregard for the fact, that they failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

63.

As the direct and proximate cause of Defendants' unlawful conduct, Plaintiff and the Collective Class have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the Collective Class are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

64.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

## **Prayer for Relief**

65.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, liquidated damages as provided by 29 U.S.C. §216, court costs, expert witness fees, reasonable attorneys' fees as provided under 29 U.S.C. §216, pre-judgment interest and all other remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)   Grant conditional certification and provide notice of this action to all similarly situated individuals as soon as possible;

(E)   Grant leave to add state law claims if necessary; and

(F)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 4th day of September, 2012.

                                 **BARRETT & FARAHANY, LLP**

                                 /s/ Benjamin A. Stark
                                 Benjamin F. Barrett
                                 Georgia Bar No. 039586
                                 Amanday A. Farahany
                                 Georgia Bar No. 646135
                                 Benjamin A. Stark
                                 Georgia Bar No. 601867
                                 Attorneys for Tim Li

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile