## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and General Release (hereinafter the "Agreement") is made and entered into by and among Plaintiff Tim Li (hereinafter "Li"), and Defendants Quickest Tradeshow Services, Inc., Tradeshow Equipment Rentals, Inc., Thanh V. Huynh, and Brenda Woolsey (hereinafter "Defendants") (Plaintiff and Defendants collectively referred to hereinafter as the "Parties'), on the date fully executed by all Parties below.

### W I T N E S S E T H:

WHEREAS, Li filed a lawsuit against Defendants, styled: TIM LI v. QUICKEST TRADESHOW SERVICES, INC., TRADESHOW EQUIPMENT RENTALS, INC., THANH V. HUYNH, individually, and BRENDA WOOLSEY, individually, in the United States District Court for the Northern District of Georgia, Civil Action No. 1:12-CV-03067-TWT (the "Lawsuit");

WHEREAS, Defendants vehemently deny any and all claims and allegations contained in the Lawsuit; and

WHEREAS, the Parties desire to settle fully and finally all claims asserted by Li against Defendants in the Lawsuit and all differences between them;

NOW, THEREFORE, in consideration of the terms and mutual promises contained herein, the parties agree as follows:

1.   No Admission.   This Agreement is in compromise of disputed claims between and among the parties hereto.  Defendants are entering into this Agreement solely to avoid the expense and inconvenience of further litigation, and not because they

believe any of Li's claims have or had any merit whatsoever. Nothing herein shall be construed as an admission by Defendants, or by any of Defendants' current or former employees or agents, of a breach of any duty, obligation, or contract, a violation of any right of Li or of any other person, or a violation of any federal, state, or local statute, regulation, judicial doctrine, or other law. Defendants specifically disclaim any liability to, any breach of any duty or obligation to, or any unlawful action against Li or any other person. Defendants also specifically deny any violations of any statute, regulation, judicial doctrine, or other law as alleged in the Lawsuit or otherwise.

    2.    <u>Payments</u>. For and in consideration of the promises and other consideration described in this Agreement, Defendants shall make payment to Li and his counsel, the law firm of Barrett & Farahany, LLP, in an amount totaling FIVE THOUSAND TWO HUNDRED AND FIFTY DOLLARS ($5,250.00) in full and final settlement and satisfaction of all claims asserted by Li against Defendants in the Lawsuit. The settlement payment shall be made as follows:

    a.    One check made payable to Li in the amount of ONE THOUSAND TWO HUNDRED AND EIGHTY-SIX DOLLARS AND EIGHTY-SEVEN CENTS ($1,286.87), less applicable withholdings, along with a W2 form at the appropriate time.

    b.    One check made payable to Li in the amount of ONE THOUSAND TWO HUNDRED AND EIGHTY-SIX DOLLARS AND EIGHTY-SEVEN CENTS ($1,286.87), along with a form 1099 at the appropriate time.

    c.    One check made payable to Barrett & Farahany, LLP in the amount of TWO THOUSAND SIX HUNDRED AND SEVENTY-SIX DOLLARS AND

Initials _TL_

TWENTY-SIX CENTS ($2,676.26), for attorneys' fees and costs, along with a Form 1099 at the appropriate time.

        d.     Defendants will deliver the payments to Benjamin Stark, counsel for Li, at his office listed as: 1100 Peachtree Street, N.E., Suite 500, Atlanta, Georgia 30309, within five (5) business days of the following conditions precedent all being met: (1) Annette A. Idalski, counsel for Defendants, receives a fully executed and notarized original of the Agreement by Li; (2) the District Court for the Northern District of Georgia approves the Agreement in its entirety; and (3) Annette A. Idalski, counsel for Defendants, receives a stamp-filed copy of the Court's order approving the settlement and dismissing the Lawsuit with prejudice.

        e.     The payment by Defendants described in Section 2 and 2(a) through 2(d) is in full and final settlement of all claims by Li against Defendants, including all attorneys' fees, costs and expenses, with respect to any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date of this Agreement.

    3.    <u>Dismissal of Claims and Covenant Not to Sue</u>.  For and in consideration of the payments, promises, and other consideration described in this Agreement, and as a material inducement for Defendants to enter into this Agreement, Li agrees to promptly cooperate with Defendants in obtaining Court approval of this Agreement and a simultaneous dismissal of the Lawsuit, with prejudice and without costs and fees, and to further dismiss any and all claims, charges, complaints, and demands asserted by Li against Defendants or any of the Releasees described below in the Lawsuit or in any

Initials  TL

other legal, equitable, administrative, or other proceedings.  Li further covenants and agrees not to reinstate or reassert any such Lawsuits, claims, charges, complaints, or demands, or to assert any other claims, charges, complaints, or demands against any of the Releasees described in Paragraph 4 below.  Li covenants and agrees not to appeal the Dismissal of this Lawsuit with Prejudice.

4. <u>General Release Given By Li</u>.  In consideration of the promises and payments set forth herein, and as a material inducement for the parties to enter into this Agreement, the parties state as follows:

a. Li hereby unconditionally releases, acquits, and forever discharges Defendants, their parent companies, subsidiaries, affiliates, divisions, successors, insurers and assigns, attorneys and all of their owners, shareholders, general or limited partners, directors, officers, and all successors and assigns thereof (collectively the "Releasees"), from any and all claims, charges, complaints, demands, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, entitlements, costs, losses, debts, and expenses (including attorneys' fees and legal expenses) of any nature whatsoever, known or unknown, which Li now has, had, or may hereafter claim to have had against the Releasees and/or any of them by reason of any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date of this Agreement.

b. This Release includes a knowing and voluntary waiver and release of any and all claims arising out of any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date of this Agreement,

4

Initials TL

whether known or unknown, including, but not limited to: claims for nonpayment of wages, overtime or bonuses or other claims pursuant to the Fair Labor Standards Act and the regulations promulgated by the United States Department of Labor ( Li specifically agrees that he will have been paid all overtime, bonuses and wages due to him upon receipt of the payments set forth in Section 2 of this Agreement), breach of contract, fraud, loss of consortium, emotional distress, personal injury, injury to reputation, injury to property, intentional torts, negligence, wrongful termination, constructive discharge, retaliation, discrimination, harassment, and any and all claims for recovery of lost wages or back pay, fringe benefits, pension benefits, liquidated damages, front pay, compensatory and/or punitive damages, attorneys' fees, injunctive or equitable relief, or any other form of relief under any federal, state, or local constitution, statute, law, rule, regulation, judicial doctrine, contract, or common law.  Specifically included, without limitation, in this release is a knowing and voluntary waiver and release of all claims of employment discrimination, including but not limited to disability discrimination, harassment, retaliation or any other claims under the Americans With Disabilities Act (42 U.S.C. § 12101 et seq.); any claims under the Americans With Disabilities Act Amendments Act of 2008; any claims under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 (42 U.S.C. § 2000 et seq.); any claims under the Fair Labor Standards Act (29 U.S.C. § 201 et seq.); any claims under any claims under the Family and Medical Leave Act (29 U.S.C. § 2601 et seq.); any claims under the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1001 et seq.); any and all federal or state laws pertaining to employment or employment benefits, and any and all other claims

Initials TL

of any kind based on any federal, state, or local constitution, statute, law, rule, regulation, judicial doctrine, contract, or common law, or other theory arising out of any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date of this Agreement.

      c.    Li expressly acknowledges that this Agreement may be pled as a complete defense and will fully and finally bar any and all claims, known or unknown, against any or all the Releasees based on any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date of this Agreement.

      d.    Li acknowledges that this general release extends also to claims that he does not know or suspect to exist in his favor at the time of executing this Agreement which, if known by him, might have materially affected his decision to execute this Agreement. Li hereby knowingly and voluntarily waives and relinquishes all rights and benefits which he may have under applicable law with respect to such general release provisions.

      5.    <u>Waiver of Employment</u>. For and in consideration of the promises and other consideration described in this Agreement, and as a further material inducement for the parties to enter into this Agreement, Li warrants, covenants, and agrees that he will not knowingly apply for, seek, or accept employment or any contractual relationship with Defendants, or any of their respective parents, owners, or affiliates or any successors or assigns of any of them any time in the future, and Li agrees not to knowingly accept employment with any employer that would require him to work at any facility owned or

Initials _TL_

controlled, in whole or in part, by Defendants. Li acknowledges that this Agreement will constitute a complete and final reason for any subsequent denial of employment or any contractual relationship, and that this Agreement may be offered as a complete defense to any Lawsuit, charge, claim, or cause of action for such denial.

    6.    <u>Non-Disparagement and Non-Interference</u>.  For and in consideration of the payments, promises, and other consideration described in this Agreement, Li agrees not to make any negative statements or to take any action which disparages or criticizes Defendants concerning any matter occurring prior to the execution of this Agreement. Additionally, Li agrees as follows:

    a.    Should Li come into contact with any current or former employees of Defendants, Li agrees not to make any negative, disparaging or derogatory comments regarding Defendants or their employees or managers concerning any matter occurring prior to the execution of this Agreement.

    b.    If Li is contacted by a current or former employee of Defendants, Li agrees not to make any negative, disparaging or derogatory statements about Defendants concerning any matter occurring prior to the execution of this Agreement.

    c.    Li agrees not to make any negative, disparaging or derogatory comments regarding Defendants orally, in writing, or electronically to any person or other audience or outlet via the internet or other social media, including but not limited to, Facebook, Twitter, a blog or any website, for any reason whatsoever concerning any matter occurring prior to the execution of this Agreement.

Initials TL

      d.    Li agrees not to communicate or cause any person to communicate with any media regarding the Lawsuit or any matter related thereto including the underlying facts. Should a member of the media contact Li or his counsel, Li agrees to decline to comment on any issues related to the Lawsuit or the underlying facts.

      e.    Li agrees that a breach of this Paragraph is a material violation of this Agreement and that he shall be liable for all damages that Defendant proves resulted from said violation in a federal court of competent jurisdiction.

7.    <u>Judicial Approval of the Agreement</u>. The Parties agree to submit this Agreement to the Court for judicial review and approval. No portion of the payment described in Paragraph 2 of this Agreement will be disbursed to Li until the Court has approved this Agreement. In the event the Court fails to approve this Agreement, the parties agree to cooperate to address the Court's concerns and work to obtain approval of this Agreement. If, despite these efforts, the Court still does not approve this Agreement, this Agreement shall become null and void and be of no further effect.

8.    <u>U.S. Department of Labor Administrative Proceedings</u>. Li is aware that the United States Department of Labor, Wage & Hour Division, has conducted an audit involving the pay practices of some or all of Defendants. Li acknowledges that he voluntarily chose to not participate in such proceeding in order to pursue individual claims in the Lawsuit. Li covenants and agrees that he will not receive or accept any monies from the Defendants through the U.S. Department of Labor in connection with any such administrative proceeding relating to his claims in this lawsuit.

Initials  _TL_

9. <u>Tax Consequences</u>. Li shall be responsible for any tax consequences of any payment made pursuant to this Agreement. He shall indemnify Defendants and hold them harmless for any tax liability (including any penalties and/or attorneys' fees) incurred as a result of any payment described herein. Li acknowledges and agrees that Defendants are not undertaking to advise him with respect to any tax consequences of this Agreement, and that he is solely responsible for determining those consequences and satisfying all applicable tax obligations resulting from any payment described herein.

10. <u>No Assignment</u>. Li represents and warrants that he has not assigned to any other person, and that no other person is entitled to assert on his behalf, any claim against any of the signatories to this Agreement based on matters released in this Agreement. Li shall indemnify and hold Defendants harmless for any liability, costs, or expenses (including any penalties and/or attorneys' fees) incurred in the defense or as a result of any such claims.

11. <u>Liens</u>. Li warrants, represents, covenants, and agrees that no person, firm, or other entity has asserted, currently asserts, or to his knowledge will assert a lien or claim of lien with respect to any portion of the settlement amount, and that Defendants may make the settlement amount payable to Li and Barrett & Farahany, LLP, as attorneys for Li, and not to any other person, firm or other entity. Li agrees, covenants, and represents that he shall defend and indemnify Defendants, and the other Releasees and hold them harmless from any and all claims, demands, actions, and causes of action, losses, costs, attorneys' fees, penalties or expenses arising out of or related to any liens,

Initials TL

claims of liens, or nonpayment of any liens that have been or could be asserted as against the settlement amount.

12. <u>Complete Agreement</u>. This Agreement supersedes all previous agreements between and among the parties hereto, if any, with respect to the subject matter referred to herein. Li affirms that the only consideration for executing this Agreement is the promises expressly contained or described herein. Li further represents and acknowledges that, in executing this Agreement, he does not rely and has not relied upon any promise, inducement, representation, or statement by Defendants or any of the Releasees or their agents, representatives, or attorneys about the subject matter, meaning, or effect of this Agreement that is not stated in this document.

13. <u>Construction</u>. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. This Agreement is the result of arms-length negotiation between the parties with full participation of their counsel. Although the initial draft was prepared by counsel for Defendants as a convenience to the parties, the final Agreement reflects substantive participation of all parties. The paragraph headings contained in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement. If any provision of this Agreement is declared or determined by any court to be illegal or invalid, that part shall be excluded from the Agreement, but the validity of the remaining parts, terms, or provisions shall not be affected.

Initials _TL_

14. <u>Georgia Law</u>.  This Agreement shall be governed, construed, and interpreted under and in accordance with the laws of the State of Georgia.

15. <u>Breach of this Agreement By Li</u>.  Li agrees that if he is found by this Court or any court to be in breach of this Agreement, he agrees that he is responsible for Defendants' proven attorneys' fees and proven costs in enforcing this Agreement, in addition to any remedies at law or in equity that are available to Defendants.

16. <u>Breach of this Agreement by Defendants</u>.  Defendants agree that if they are found by this Court or any court to be in breach of this Agreement, they agree that they are responsible for Li's proven attorneys' fees and proven costs in enforcing this Agreement, in addition to any remedies at law or in equity that are available to Li.

17. <u>Acknowledgments</u>.  Li acknowledges and represents that the waiver and release of claims herein are knowing and voluntary and are given only in exchange for consideration in addition to anything of value to which he already is entitled absent this Agreement.  Li acknowledges that the language of this Agreement is understandable to him and is understood by him and that he has been given a reasonable period within which to consider the Agreement before executing it.  Li further acknowledges that he has been and is hereby advised to consult, and in fact consulted an attorney of his choosing before executing the Agreement, and that he has obtained all advice and counsel he needs to understand all terms and conditions of this Agreement.

18. <u>Effective Date</u>.  This Agreement shall become effective and enforceable upon the earliest date on which Li has executed this Agreement and delivered an executed and notarized original to Defendants' attorney, Annette A. Idalski, Chamberlain

Initials  TL

THE UNDERSIGNED HAVE CAREFULLY READ THIS "SETTLEMENT AGREEMENT AND RELEASE"; THEY KNOW AND UNDERSTAND ITS CONTENTS; THEY FREELY AND VOLUNTARILY AGREE TO ABIDE BY ITS TERMS; AND THEY HAVE NOT BEEN COERCED INTO SIGNING THIS AGREEMENT.

| April 19, 2013 | *[signature]* |
|---|---|
| Date | Tim Li |
| Sworn to and subscribed before me, this 19th day of April, 2013. *[signature]* Notary Public My commission expires: | NITA P SHETH<br>Notary Public, State of New York<br>No. 01SH6216354<br>Qualified in Queens County<br>Commission Expires Jan. 11, 2014 |
| Date | Thanh V. Huyn |
| Sworn to and subscribed before me, this ___ day of _____, 2013.<br><br>Notary Public<br>My commission expires: | |
| Date | Brenda Woolsey |
| Sworn to and subscribed before me, this ___ day of _____, 2013.<br><br>Notary Public<br>My commission expires: | |
| | |

| | Quickest Tradeshow Services, Inc.<br>By: _____<br>Its: _____ |
|---|---|
| _____<br>Date | |
| Sworn to and subscribed before me, this ___ day of _____, 2013.<br><br>_____<br>Notary Public<br>My commission expires: | |
| | Tradeshow Equipment Rentals, Inc.<br><br>By: _____<br><br>Its: _____ |
| _____<br>Date | |
| Sworn to and subscribed before me, this ___ day of _____, 2013.<br><br>_____<br>Notary Public<br>My commission expires: | |

14

Initials  TV